■ BANKERS FEDERAL SAVINGS BANK FSB, Respondent, v OFF WEST BROADWAY DEVELOPERS et al., Respondents, et al., Defendants. JULIUS WASSERSTEIN, as Receiver, Appellant. [638 NYS2d 72] —Order of the Supreme Court, New York County (Edward H. Lehner, J.), entered January 10, 1995, which settled the final accounting of appellant Julius Wasserstein, receiver of rents, and fixed compensation for the receiver's attorney in the amount of $3,000, unanimously modified, on the law, to the extent of vacating the award of counsel fees and remanding the matter to Supreme Court for a hearing to determine the amount of said fees and, except as so modified, affirmed, without costs. Order of the same court and Justice, entered December 13, 1995, which awarded additional attorney's fees in the amount of the balance remaining in the receiver's account, unanimously reversed, on the law, without costs, the award vacated, and the matter remanded to Supreme Court for a hearing on the amount of additional legal fees, in conformance with this Court's decision.

This appeal raises two issues with respect to the award of legal fees: (1) whether the court was justified in setting the amount of the fee payable to the receiver's attorney without consideration of counsel's affirmation of services rendered and, (2) whether the court was justified in limiting the amount for additional legal services rendered to the balance remaining in the receiver's account without consideration of counsel's affirmation.

This action to foreclose a mortgage on a building known as 38-40 Grand Street was settled by stipulation of the parties on April 28, 1994. Counsel for the receiver submitted a motion, returnable September 23, 1994, to settle the receiver's account. The motion contained a request for $3,000 for legal services. The application was opposed by defendants, who comprise a partnership in default on a mortgage on the subject premises held by plaintiff Bankers Federal Savings Bank. Appellant receiver alleges that counsel spent some 26 hours reviewing the receiver's files and files maintained by the Office of the Register of the City of New York, inspecting the premises, researching the law, preparing a reply and making court appearances. Counsel was not afforded the opportunity to submit an affirmation of these additional services and, by order entered January 10, 1995, the court set his fee at $3,000, as requested in the papers originally submitted on the motion to settle the account.

Subsequent to submission of the motion of September 23, 1994, defendants moved for leave to sue the receiver, which motion was ultimately denied. A motion by counsel for the receiver for additional services rendered since that time was opposed by plaintiff, resulting in the order entered December 13, 1995. The court held that the fee for all services rendered prior to November 28, 1995 had previously been fixed and that the balance remaining in the receiver's account was sufficient to compensate counsel for any additional work.

As this Court stated in *Morgan & Finnegan v Howe Chem. Co.* (210 AD2d 62, 63), "The reasonableness of [counsel's] fees can be determined only after consideration of the difficulty of the issues and the skill required to resolve them; the lawyers' experience, ability and reputation; the time and labor required; the amount involved and benefit resulting to the client from the services; the customary fee charged for similar services; the contingency or certainty of compensation; the results obtained and the responsibility involved (*Matter of Freeman*, 34 NY2d 1, 9; *Marshall v New York City Health & Hosps. Corp.*, 186 AD2d 542, 543; *Gutin v Gutin*, 155 AD2d 586, 587; *cf.*,

*Kramer, Levin, Nessen, Kamin & Frankel v Aronoff*, 638 F Supp 714).” In this regard, it is settled that the award of fees must be predicated upon a “proper and sufficient affidavit of services” (*Matter of Ronan Paint Corp.*, 98 AD2d 413, 419).

While it is not necessary to conduct a hearing in all circumstances in order to afford due process, the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered. A hearing is required with respect to issues of fact raised in the opposing affidavits (*Kumble v Windsor Plaza Co.*, 128 AD2d 425, *lv dismissed* 70 NY2d 693). It is imperative that the court take quantum meruit proof of the value of services rendered rather than, as here, apply an arbitrary formula (*Matter of First Natl. Bank v Brower*, 42 NY2d 471; *Brauer v Central Trust Co.*, 77 AD2d 239; *Matter of Mead v First Trust & Deposit Co.*, 60 AD2d 71). “The relevant factors are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved” (*Matter of Burk*, 6 AD2d 429, 430). On the record before us, we conclude that the court lacked adequate information from which to assess the value of counsel’s services.

Where the funds available in the receiver’s account are insufficient to pay the fees of his attorney, “the party who moved for the appointment of the receiver” may be directed to make payment (CPLR 8004 [b]). As noted by the Appellate Division, Second Department, in *Litho Fund Equities v Alley Spring Apts. Corp.* (94 AD2d 13, 15), “the existence of an appointing order providing for payment out of the rents cannot, in our view, bar an application pursuant to CPLR 8004 (subd [b]) to charge expenses to the party who obtained the receiver’s appointment.” The Court went on to observe *(supra,* at 16), “The real question is whether there were special circumstances that make it equitable to impose additional receivership expenses on [the party seeking the appointment] even though the expenses exceed the rent collected”.

In this case, the Court entertains no qualms about imposing the cost of litigation occasioned by the defendants on plaintiff mortgagee. The immediate benefit of the appointment of a receiver of rents is that the holder of the mortgage is spared the exposure to liability which would result from assuming control of the property as a mortgagee in possession. Had no receiver been appointed in this case, defendants simply would have sued plaintiff rather than ultimately being thwarted in their attempt to obtain leave of court to bring an action against

the receiver. Having derived such obvious benefit from the appointment, it is only equitable that plaintiff should bear the cost incident to the benefit conferred. That plaintiff availed itself of this advantage is apparent from the record. When a dispute arose concerning the provision of heat, plaintiff's counsel responded, in a letter dated February 27, 1992, that its client is "merely a mortgagee and, thus, does not have control over the premises located at 38 Grand Street."

Having sought the appointment of the receiver (CPLR 8004 [b]) and having received what might be described as a "patent benefit" from the efforts of the receiver's attorney (*Precision Dynamics Corp. v 601 W. 26 Corp.*, 51 AD2d 907; *see also, Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp.*, 123 AD2d 840, 841), plaintiff is fairly to be charged with the expense of compensating counsel for those efforts to the extent that the value of his services exceeds the proceeds from the operation of the property held in the receiver's account (*515 E. 12th St. Assocs. v Gentile*, 160 AD2d 187, 188). A hearing is appropriate to ascertain the value of the services rendered. Concur—Sullivan, J. P., Milonas, Ellerin, Rubin and Kupferman, JJ.