SO/BLUESTAR, LLC, Respondent-Appellant, v CANARSIE HOTEL CORP. et al., Appellants-Respondents, et al., Defendants. [825 NYS2d 80]—

In an action to foreclose a mortgage, the defendants Canarsie Hotel Corp., Martin Rosenberg, Emil P. Klein, and Baruch Mappa appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Harkavy, J.), dated June 23, 2004, which, inter alia, granted the plaintiff's motion to confirm a referee's report, confirmed the referee's report, and directed the sale of the subject property, and the plaintiff cross-appeals from the same order and judgment.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by the order and judgment cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order and judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination of the reasonableness of the attorneys' fees included in the referee's computation of the amounts due under the note and mortgage, following the submission of a more detailed affidavit of services and, if necessary, for a hearing on that issue, and for the entry of an appropriate amended order and judgment thereafter.

The plaintiff's predecessor-in-interest commenced this foreclosure action. The Supreme Court awarded summary judgment to the plaintiff's predecessor-in-interest and appointed a referee to compute the amount due under the note and mortgage. SO/Bluestar, LLC (hereinafter Bluestar), was substituted as plaintiff, and submitted a breakdown of all amounts due, includ-

ing the unpaid principal balance, interest, late charges, prepayment consideration, and advances, including attorneys' fees. The referee determined that the amount sought by Bluestar was the amount due. In the order and judgment appealed from, the Supreme Court, inter alia, confirmed the referee's report and directed the sale of the subject property.

Contrary to the appellants-respondents' contentions, prepayment consideration was properly awarded. Prepayment clauses will be enforced according to their terms (*see 3C Assoc. v IC & LP Realty Co.*, 137 AD2d 439 [1988]; *George H. Nutman, Inc. v Aetna Bus. Credit*, 115 Misc 2d 168 [1982]). The note contained an express provision providing for the payment of prepayment consideration in the event of acceleration upon default, and such a provision is enforceable (*see In re United Merchants & Mfrs., Inc.*, 674 F2d 134, 143 [1982]; *In re Vanderveer Estates Holdings, Inc.*, 283 BR 122, 130 [2002]; *In re Financial Ctr. Assoc. of E. Meadow, L.P.*, 140 BR 829, 835 [1992]). Moreover, the amount of prepayment consideration was properly calculated from the date of the filing of the complaint, as the date on which the debt was accelerated and all sums became due and payable (*see In re Vanderveer Estates Holdings, Inc.*, 283 BR 122, 133 [2002]; *Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d 892 [1994]).

However, the Supreme Court should have made an inquiry into the reasonableness of the attorney's fees awarded. While the plaintiff was entitled to attorney's fees pursuant to the note, "[a]n award of attorneys' fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (*Kamco Supply Corp. v Annex Contr.*, 261 AD2d 363, 365 [1999]).

The appellants-respondents did not challenge the amount of the attorneys' fees in their submissions to the referee, or to the Supreme Court, and thus, the issue is unpreserved for appellate review (*see* CPLR 5501 [a]). However, in "recognition of the traditional authority of the courts to supervise the charging of fees for legal services under the courts' inherent and statutory power to regulate the practice of law" (*Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]), we reach this issue and remit the matter to the Supreme Court, Kings County, for a determination of the reasonableness of the attorney's fees included in the referee's computation of the amounts due under the note and mortgage, following the submission of a more detailed affidavit of services and, if necessary, for a hearing on that issue, and for the entry of an appropriate amended order and judgment thereafter.

An award of reasonable attorneys' fees is within the sound discretion of the court, based upon such factors as the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel (*see Juste v New York City Tr. Auth.,* 5 AD3d 736 [2004]). While a hearing is not required in all circumstances, "the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (*Bankers Fed. Sav. Bank v Off W. Broadway Devs.,* 224 AD2d 376, 378 [1996]). There must be a sufficient affidavit of services, detailing "the hours reasonably expended . . . and the prevailing hourly rate for similar legal work in the community" (*Matter of Gamache v Steinhaus,* 7 AD3d 525, 527 [2004], citing *Gutierrez v Direct Mktg. Credit Servs.,* 267 AD2d 427 [1999]; *see Bankers Fed. Sav. Bank v Off W. Broadway Devs.,* 224 AD2d 376, 378 [1996]).

Bluestar's submission in this regard was wholly inadequate. It submitted a one-page list of attorneys' fees and expenses. The $143,392.25 for attorneys' fees included a $10,000 retainer, and was broken down by law firm name, date of billing, and amount charged. There was no breakdown of services performed or hourly rates charged, nor any information from which the court could ascertain the reasonableness of the fees.

The court confirmed the referee's report without any inquiry into the reasonableness of the attorneys' fees. In light of the inadequacy of the submission by Bluestar, the court should have required the submission of a more detailed affidavit of services by which it could assess the reasonableness of the fees, and held a hearing on that issue, if necessary (*see Community Sav. Bank v Shaad,* 105 AD2d 1063 [1984]).

The appellants-respondents' remaining contentions are without merit. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.