■ NORMA VIGO, Respondent, v 501 SECOND STREET HOLDING CORP. et al., Appellants, et al., Defendants. [994 NYS2d 354]—

In an action to foreclose a mortgage, the defendants 501 Second Street Holding Corp. and 501 Second Street, LLC, appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Kings County (Knipel, J.), entered September 27, 2012, (2) so much of an amended order of the same court entered October 11, 2012, as granted that branch of the plaintiff's motion which was to confirm so much of a referee's report dated May 9, 2012, as computed attorney's fees owed to the plaintiff in the principal sum of $670,324.39, and (3) so much of a final judgment of foreclosure and sale of the same court entered November 9, 2012, as, upon an order of the same court dated October 6, 2011, inter alia, granting that branch of the plaintiff's motion which was for summary judgment in her favor and against them on the cause of action to foreclose on the subject premises, directed the foreclosure sale of the subject premises, and, upon the amended order entered October 11, 2012, awarded the plaintiff attorney's fees in the principal sum of $670,324.39.

Ordered that the appeal from the order entered September

27, 2012, is dismissed, as that order was superseded by the amended order entered October 11, 2012; and it is further,

Ordered that the appeal from the amended order entered October 11, 2012, is dismissed; and it is further,

Ordered that so much of the appeal from the final judgment of foreclosure as directed the foreclosure sale of the subject premises is dismissed as academic; and it is further,

Ordered that the final judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the amended order entered October 11, 2012, must be dismissed because the right of direct appeal therefrom terminated with entry of the final judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the final judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]).

As the subject premises were sold by the appellants prior to the foreclosure sale, and the outstanding mortgage debt in dispute has been fully satisfied by the appellants' payoff to the plaintiff on or about January 16, 2013, any determination by this Court on the issue of whether the Supreme Court correctly granted summary judgment in the plaintiff's favor and against the appellants on her cause of action to foreclose on the subject premises will not affect the rights of the parties (*see Cendant Mtge. Corp. v Packes*, 19 AD3d 356 [2005]). The matter does not otherwise warrant invoking an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Accordingly, so much of the appeal from the final judgment of foreclosure and sale as directed the sale of the subject premises at foreclosure has been rendered academic.

Since there is no statute in New York authorizing the recovery of an attorney's fee in a mortgage foreclosure action, such a fee may only be recovered if it is contractually authorized (*see Neighborhood Hous. Servs. of N.Y. City, Inc. v Hawkins*, 97 AD3d 554, 554 [2012]). Contrary to the appellants' contention, the mortgage documents created such an obligation on the part of the appellants (*see Kingsland Group, Inc. v J.B. Satcin Realty Corp.*, 16 AD3d 380, 381-382 [2005]; *Levine v Infidelity, Inc.*, 2 AD3d 691, 692 [2003]).

An award of an attorney's fee pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered (*see*

*Kamco Supply Corp. v Annex Contr.*, 261 AD2d 363, 365 [1999]). In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation (*see Green v Silver*, 79 AD3d 1097, 1098 [2010]). Under the unique circumstances of this case, we find no reason to disturb the Supreme Court's award of an attorney's fee.

The appellants' remaining contentions are without merit. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.