J-A10033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CLAIRE DE BOER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEONARDUS POTT | |
| Appellant | No. 1476 MDA 2014 |

Appeal from the Order August 19, 2014
in the Court of Common Pleas of Dauphin County
Domestic Relations at No(s): 00810-DR-13

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                                   **FILED MAY 27, 2015**

Leonardus Pott ("Husband") appeals from the August 19, 2014 order of the Dauphin County Court of Common Pleas, Domestic Relations Division, denying Husband's request for attorney fees, costs, and expenses occasioned by spousal support proceedings brought by Husband's then-wife Claire de Boer ("Wife").  We reverse and remand for proceedings consistent with this decision.

On July 10, 2003, Husband and Wife executed a prenuptial agreement in the State of New York ("Agreement").  The Agreement included, *inter alia*, the following waiver of future support and/or alimony claims:

**V.     RIGHTS UPON DISSOLUTION, DIVORCE OR SEPARATION**

Upon the divorce, or temporary or legal separation of the parties or upon the dissolution or annulment of their marriage the parties hereby agree that:

A. Provided that neither party is disabled and unable to work due to such disability, each party renounces any right to claim any temporary or permanent maintenance in accordance with New York General Obligations Law Section 5-311[.]

Agreement, p. 4., R.R. 51a. Disclosure required prior to execution of the Agreement revealed that Husband had considerably more assets and earnings than Wife at that time.

Additionally, the Agreement included a provision for awarding attorneys' fees to the victor of future enforcement actions that read as follows:

**IX. ENFORCEMENT**

The parties hereto agree that if one party incurs any expense in the enforcement of any of the provisions of this agreement, the other will be responsible for and will pay any and all expenses incurred, including but not limited to legal fees, court costs, investigator fees and travel costs, if the parties [sic] so incurring the expense prevails in an action for the enforcement thereof.

Agreement, p. 7, R.R. 54a.

Against the advice of counsel, Wife signed the Agreement because Husband refused to marry her without its execution. The next day, on July 11, 2003, Husband and Wife married in the State of New York.

Following their marriage, Husband and Wife resided in Hershey, Pennsylvania. They later separated, and on May 29, 2013, Wife filed a complaint seeking spousal support in the Dauphin County Court of Common Pleas Domestic Relations Division. Husband answered, claiming the Agreement barred Wife's claim for spousal support. In response, Wife

claimed the Agreement was invalid for multiple reasons, including Husband's failure to disclose a foreign bank account at the time of the Agreement's execution. Following discovery, the trial court conducted a hearing on December 23, 2013. After allowing the parties to submit memoranda on the validity of the Agreement under New York law, on February 26, 2014, the trial court issued an order that found the Agreement valid. Neither party appealed the trial court's determination.

On April 16, 2014, Husband filed a Petition for Reimbursement of Attorney's Fees, Costs and Expenses ("reimbursement petition") seeking reimbursement of approximately $25,000.00, which Husband claimed to have expended to litigate the Agreement's validity. The trial court conducted a hearing on the reimbursement petition on July 17, 2014, and denied the reimbursement petition on the same date. Husband appealed.[1]

Husband raises the following issue for our review:

I. Whether the court erred in denying reimbursement of counsel fees, costs and expenses to [Husband], as is permitted in accordance with the prenuptial agreement, after the court found in favor of [Husband] in an action to enforce and determine the validity of the prenuptial agreement.

Husband's Brief, p. 4 (all capitals removed). Otherwise stated, Husband argues that the trial court erred in denying him contractual attorneys' fees incurred in the enforcement of the Agreement.

_____

[1] Both Husband and the trial court complied with Pa.R.A.P. 1925.

The interpretation of the terms of a contract presents a question of law for which this Court's standard of review is *de novo*, and our scope of review is plenary. ***McMullen v. Kutz***, 985 A.2d 769, 773 (Pa.2009).

Initially, both the trial court and Wife assert that, because the underlying action centered on the "validity" of the contract, as opposed to its "enforcement," Husband is not entitled to attorneys' fees. ***See*** 1925(a) Opinion, pp. 2-3; Wife's Brief, pp. 20-22. We disagree.

Wife's underlying spousal support action occasioned the discussion and evidence of the Agreement's validity in this matter. Because the Agreement expressly precluded spousal support, Husband defended Wife's claim by asserting that she had waived all claims to spousal support by signing the Agreement. Simply put, Husband sought to enforce the Agreement. Wife's claim that the Agreement was invalid, requiring the trial court to hear evidence as to the Agreement's formation, does not change the analysis: Husband sought enforcement of a specific provision of the Agreement – Section V(A) – because Wife sought spousal support, which was governed by the Agreement.[2, 3]

_____

[2] We need not comment on whether a party might bring a separate action questioning the validity of a contract without seeking its enforcement. Under the facts of this case, Wife brought an action seeking spousal support and Husband defended that action by seeking the enforcement of a provision of the Agreement.

[3] Wife suggests that the fact that she ceased her spousal support action after the trial court ruled on the Agreement's "validity" illustrates that her

*(Footnote Continued Next Page)*

- 4 -

After ruling the Agreement valid, the trial court ruled in favor of Husband and denied Wife's spousal support claim pursuant to Section V(A), *i.e.*, it enforced the Agreement. Because the underlying spousal support claim – or, more specifically, Husband's defense thereof – amounted to an enforcement action, Agreement Section IX, by its express terms, entitles the victorious party to attorneys' fees. Therefore, the trial court erred by failing to award Husband attorneys' fees. Consequently, we must reverse the trial court's order and remand this matter for the award of attorneys' fees to Husband pursuant to Agreement Section IX.

Husband claims that, because the Agreement does not contain a qualifier that attorneys' fees expended be "reasonable", he is entitled to the entirety of the $25,000.00 he alleges he expended in defense of Wife's spousal support claim. **See** Husband's Brief, pp. 9-15. While he may be entitled to some or all of this claimed figure, husband is only entitled to reasonable attorney fees.[4]

*(Footnote Continued)* ─────────────

underlying action only challenged the "validity" and not the "enforcement" of the Agreement. **See** Wife's Brief, pp. 20-21. This argument is unconvincing. As discussed **supra**, Wife had lost her spousal support action. She was required to discontinue her claims. Because Wife brought no actions for enforcement of the Agreement does not mean that Husband's required defense of her spousal support action is not properly characterized as an enforcement action.

[4] We find unconvincing Wife's argument that Husband waived his claim to attorneys' fees by not presenting them at her spousal support hearing. **See** Wife's Brief, pp. 10-12. As the matter was ongoing, Husband's attorneys' fees were undetermined at that time, and he could not have accurately
*(Footnote Continued Next Page)*

A prenuptial agreement is a contract between the parties. **_See Simeone v. Simeone_**, 581 A.2d 162, 165 (Pa.1990) (stating that prenuptial agreements are contracts); **_Strong v. Dubin_**, 48 A.D.3d 232, 232, 851 N.Y.S.2d 428, 429 (2008) (recognizing prenuptial agreements as contractual agreements strongly favored by public policy). Under either Pennsylvania law or New York law, a reasonableness assessment is appropriate when awarding contractual attorneys' fees to a petitioning party, even where the contract contains no provision or language regarding the "reasonableness" of the fees. **_See McMullen v. Kutz_**, 985 A.2d 769, 776-77 (Pa.2009) (finding that parties may contract for breaching party to pay attorney fees of prevailing party in breach of contract case, but absent express specification for "reasonable" fees in a contract, trial court may still consider whether claimed fees are reasonable and reduce them if appropriate); **_SO/Bluestar, LLC v. Canarsie Hotel Corp._**, 33 A.D.3d 986, 987, 825 N.Y.S.2d 80, 81-82 (2006) ("[a]n award of attorneys' fees pursuant to such a contractual

_(Footnote Continued)_ ───────────

accounted for his full legal fees. Likewise unconvincing is Wife's argument that Husband waived his attorneys' fee claim by not presenting it in a timely fashion after the conclusion of the underlying matter. **_Id._** at 13-15. Husbands' claim for attorneys' fees is a separate claim from the underlying matter, the conclusion of which triggered Husband's cause of action for attorneys' fees under Agreement Section IX. Since neither party filed an appeal of the trial court's February 27, 2014 order, the order became final thirty days thereafter, or on March 29, 2014. Husband timely filed his reimbursement petition on April 18, 2014, only twenty days after the expiration of the appeal period.

provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered").

Accordingly, while Husband is entitled to attorneys' fees based on the trial court's determination of the underlying enforcement action, he is entitled only to reasonable attorneys' fees as determined by the trial court.

Order reversed; matter remanded for further proceedings; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/27/2015