██ PEOPLE'S UNITED BANK, Respondent, v PATIO GARDENS III, LLC, Appellant, et al., Defendants. [38 NYS3d 262]—

In an action to foreclose two mortgages, the defendant Patio Gardens III, LLC, appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 14, 2015, as, without a hearing, granted that branch of the plaintiff's motion which was for an award of at-

torney's fees without apportioning the award between the two subject properties, (2) a judgment of foreclosure and sale of the same court entered August 19, 2015, as, upon the order dated July 14, 2015, awarded the plaintiff the sum of $75,000 in unapportioned attorney's fees, and (3) an order of the same court dated March 2, 2016, as, upon reargument, adhered to the original determination in the order dated July 14, 2015, granting that branch of the plaintiff's motion which was for an award of attorney's fees.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is reversed insofar as appealed from, on the law and in the exercise of discretion, so much of the order dated July 14, 2015, as, without a hearing, granted that branch of the plaintiff's motion which was for an award of attorney's fees without apportioning the award between the two subject properties is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of that branch of the plaintiff's motion consistent herewith and following the submission of a more detailed affidavit of services rendered and, if necessary, for a hearing on that issue, and for the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the defendant Patio Gardens III, LLC.

The appeal from the intermediate order dated July 14, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated July 14, 2015, are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]). The appeal from the order dated March 2, 2016, must be dismissed as academic in light of our determination on the appeal from the judgment of foreclosure and sale.

At issue on this appeal is the reasonableness of the legal fees incurred by the plaintiff in connection with a foreclosure action on two separate parcels of commercial real property owned by the defendant Patio Gardens III, LLC. The plaintiff commenced this action to foreclose on the two mortgages following a default on each of the loans when they matured. In connection with the foreclosure, the Supreme Court awarded the plaintiff $75,000 in attorney's fees based upon the submission by the plaintiff of an affirmation for legal fees that referenced various invoices for legal services.

Pursuant to the terms of each loan document related to each respective parcel, the plaintiff was entitled to an award of attorney's fees (*see Vigo v 501 Second St. Holding Corp.*, 121 AD3d 778, 779 [2014]). However, an award of attorney's fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered (*see id.* at 779; *SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986, 987 [2006]). "In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (*Vigo v 501 Second St. Holding Corp.*, 121 AD3d at 780). While a hearing is not required in all circumstances, "the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (*Bankers Fed. Sav. Bank v Off W. Broadway Devs.*, 224 AD2d 376, 378 [1996]).

Here, the affidavit of services rendered submitted by the plaintiff fails to set forth counsel's experience, ability, and reputation, and fails to detail the prevailing hourly rate for similar legal work in the community (*see SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d at 988). Moreover, the plaintiff failed to show which fees relate to work on which of the two parcels that was foreclosed upon and which, if any, fees relate to work on both of the parcels. Absent such a showing, the plaintiff cannot establish that the attorney's fees are " 'reasonable and warranted for the services actually rendered' " for each of the parcels foreclosed upon (*id.* at 987, quoting *Kamco Supply Corp. v Annex Contr.*, 261 AD2d 363, 365 [1999]). If fees are awarded under the terms of the attorney's fees contract provision regarding one parcel for legal work related to the foreclosure on the second parcel, such fees would be neither reasonable nor warranted. Notably, neither of the contracts contain cross collateralization.

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new determination of that branch of the plaintiff's motion which was for an award of attorney's fees, including a determination of which fees are attributable to which parcel, following the submission of a more detailed affidavit of services rendered and, if necessary, for a hearing on that issue, and for the entry of an appropriate amended judgment thereafter. Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.