In an action to foreclose a mortgage, the defendant Mary M. Lamberti appeals, as limited by her brief, from so much of a judgment of foreclosure and sale of the Supreme Court, Nassau County (Adams, J.), entered July 13, 2015, as, upon an order of the same court entered February 26, 2015, inter alia, granting that branch of the motion of the plaintiff PE-NC, LLC, which was to confirm a Referee’s report and denying her cross motion to reject the report, confirmed the report and awarded the plaintiff PE-NC, LLC, the sum of $1,134,630.81, inclusive of counsel fees and interest.
 

 Ordered that the judgment of foreclosure and sale is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion of the plaintiff PE-NC, LLC, which was to confirm the Referee’s report is denied, the cross motion of the defendant Mary M. Lamberti to reject the report is granted, the order entered February 26, 2015, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment of foreclosure and sale.
 

 This is an action to foreclose a mortgage on real property owned by the defendant Mary M. Lamberti (hereinafter the defendant) in Woodbury. The Supreme Court granted the motion of the plaintiff PE-NC, LLC (hereinafter PE-NC), the current holder of the note and mortgage, for summary judgment on the complaint, and appointed a Referee to compute the amount due pursuant to the note and mortgage. Following a hearing, the Referee issued a report finding, inter alia, that $1,134,630.81 was due and owing to PE-NC, inclusive of counsel fees and interest on the unpaid balance, on counsel fees, and on money advanced to protect the lender’s rights in the property. PE-NC moved to confirm the Referee’s report and the computation contained therein and for leave to enter a judgment of foreclosure and sale. The defendant cross-moved to reject the report. In an order entered February 26, 2015, the court granted PE-NC’s motion and denied the defendant’s cross motion. Thereafter, in a judgment of foreclosure and sale entered July 13, 2015, the court, upon the order, confirmed the report, awarded PE-NC the sum of $1,134,630.81, and directed that the subject property be sold. The defendant appeals. We reverse the judgment insofar as appealed from and remit the matter to the Supreme Court, Nassau County, for the Referee to recompute the amount due and for the court to determine the reasonableness of the counsel fees included in the Referee’s computation, following a hearing on the issue, if necessary.
 

 The Referee must recompute the amount due. “In an action of an equitable nature, the recovery of interest is within the court’s discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party” (Dayan v York, 51 AD3d 964, 965 [2008] [citations omitted]; see CPLR 5001 [a]). Here, in view of the lengthy delay by PE-NC’s predecessors in interest in prosecuting this action, PE-NC should recover no interest for the roughly three-year period of time from when the action was commenced in 2005 to when the defendant filed a request for judicial intervention in 2008. While PE-NC did not cause this delay, it should not benefit financially, in the form of accrued interest, from this delay caused by its predecessors in interest. Furthermore, PE-NC should not recover interest on the counsel fees awarded to it. Paragraphs 7 and 21 of the mortgage are inconsistent regarding whether interest could be recovered on counsel fees. Since “ambiguities in a contractual instrument will be resolved contra proferentem, against the party who prepared or presented it” (151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 734 [1984]), this ambiguity must be resolved against PE-NC, whose predecessors in interest presented the mortgage. Moreover, interest awarded under paragraph 7 of the mortgage, on money advanced to protect the lender’s rights in the property, should not have been awarded at the rate of 17%, but at the “Note rate,” which, in this case, was 7.25%.
 

 “An award of an attorney’s fee pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered. In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel’s experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation” (Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 779-780 [2014] [citation omitted]; see SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 988 [2006]). In this case, a determination must be made on the reasonableness of the counsel fees, following a hearing on that issue, if necessary.
 

 The defendants’ remaining contentions, including those concerning an intermediate order dated June 13, 2014, which are brought up for review on this appeal from the judgment of foreclosure and sale (see CPLR 5501 [a] [1]; Greenpoint Mtge. Corp. v Lamberti, 155 AD3d 1004 [2017] [decided herewith]), are without merit.
 

 Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.