Purmm Capital Corp. v 697 Evergreen Ave., Inc. (2019 NY Slip Op 04212)





Purmm Capital Corp. v 697 Evergreen Ave., Inc.


2019 NY Slip Op 04212


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-13277
 (Index No. 515061/15)

[*1]Purmm Capital Corp., appellant,
v
697 Evergreen Avenue, Inc., et al., defendants, City of New York, et al., respondents.


Gleich, Farkas & Emouna, LLP, Great Neck, NY (Lawrence W. Farkas of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 5, 2017. The judgment of foreclosure and sale, insofar as appealed from, awarded the plaintiff an attorney's fee in the sum of only $2,500.
ORDERED that the judgment of foreclosure and sale is modified, on the law and in the exercise of discretion, by increasing the award of an attorney's fee from the sum of $2,500 to the sum of $9,735; as so modified, the judgment of foreclosure and sale is affirmed insofar as appealed from, without costs or disbursements.
"Since there is no statute in New York authorizing the recovery of an attorney's fee in a mortgage foreclosure action, such a fee may only be recovered if it is contractually authorized" (Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 779). Pursuant to the terms of the relevant mortgage instrument, the plaintiff was entitled to "reasonable legal fees." The award of a reasonable attorney's fee pursuant to such a contractual provision is within the sound discretion of the court, based upon such factors as the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel (see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691; Vigo v 501 Second St. Holding Corp., 121 AD3d at 780).
Here, counsel's affirmation of services rendered, made under penalties of perjury (see CPLR 2106), together with the statement of legal fees attached thereto, adequately show that legal fees totaling $9,735 were incurred by the plaintiff in the prosecution of this action, and we are satisfied that such fees represent reasonable compensation under the circumstances of this case, taking into account, among other things, the prevailing hourly rate for similar legal work in the community (see SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 988).
Insofar as the plaintiff seeks to recover legal fees incurred in connection with proceedings other than this foreclosure action, or costs, disbursements, and allowances other than those provided by law, its contentions are without merit (see Engelsberg v Cinderella Homes, 20 Misc 2d 1027, 1029-1030 [Sup Ct, Queens County]). Moreover, the plaintiff failed to adequately substantiate its request for additional fees it anticipated would be incurred in the future.
Accordingly, the Supreme Court improvidently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of only $2,500, and we increase the award to the extent indicated.
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court