People's United Bank v Patio Gardens III, LLC (2020 NY Slip Op 08091)





People's United Bank v Patio Gardens III, LLC


2020 NY Slip Op 08091


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-10589
 (Index No. 8058/12)

[*1]People's United Bank, etc., respondent, 
v
Patio Gardens III, LLC, appellant, et al., defendants.


The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Jennifer J. Block of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for respondent.



DECISION & ORDER
In an action to foreclose two mortgages, the defendant Patio Gardens III, LLC, appeals from an order and amended judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated December 10, 2018. The order and amended judgment, insofar as appealed from, upon remittitur from this Court by decision and order dated October 5, 2016 (People's United Bank v Patio Gardens III, LLC, 143 AD3d 689), and after a hearing, in effect, granted that branch of the plaintiff's motion which was for an award of attorney's fees without apportioning the award between the two subject properties and awarded the plaintiff the sum of $75,000 in unapportioned attorney's fees.
ORDERED that the order and amended judgment of foreclosure and sale is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was for an award of attorney's fees is denied.
The underlying facts of this foreclosure action are summarized in our decision and order on a prior related appeal (People's United Bank v Patio Gardens III, LLC, 143 AD3d 689). On the prior appeal, we remitted the matter to the Supreme Court, Suffolk County, for a new determination of that branch of the plaintiff's motion which was for an award of attorney's fees, including a determination of which fees are attributable to which of the two parcels being foreclosed upon, following the submission of a more detailed affidavit of services rendered and, if necessary, for a hearing on that issue, and for the entry of an appropriate amended judgment.
Following the submission of a supplemental affirmation for legal fees by the plaintiff, and after a hearing, the Supreme Court, in effect, granted that branch of the plaintiff's motion which was for an award of attorney's fees and awarded the plaintiff $75,000 in attorney's fees without apportioning the fees between the two properties. The defendant Patio Gardens III, LLC (hereinafter Patio Gardens), appeals. We reverse.
"'[A]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court'" (Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 101 AD3d 1034, 1036, quoting J-Mar Serv. Ctr., Inc. v [*2]Mahoney, Connor & Hussey, 45 AD3d 809, 809).
Here, we agree with Patio Gardens's contention that the Supreme Court violated the law of the case doctrine by awarding the plaintiff attorney's fees without determining which fees pertained to work performed by the plaintiff's counsel to foreclose the mortgage related to each property. Further, by failing to set forth evidence of which fees are attributable to each of the two parcels being foreclosed upon, the plaintiff failed to meet its burden of proving the reasonableness of the attorney's fees requested (see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689; SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 988; Kamco Supply Corp. v Annex Contr., 261 AD2d 363, 365).
Accordingly, upon remittitur, the Supreme Court should have denied that branch of the plaintiff's motion which was for an award of attorney's fees.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court