McCormick 110, LLC v Gordon (2021 NY Slip Op 06683)





McCormick 110, LLC v Gordon


2021 NY Slip Op 06683


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-04084 
2020-00674
 (Index No. 509541/16)

[*1]McCormick 110, LLC, respondent-appellant,
v Joseph Gordon, etc., et al., appellants-respondents, et al., defendants.


Law Offices of Alan J. Waintraub PLLC, Kew Gardens, NY, for appellants-respondents.
The Law Offices of Jeffrey S. Greene, P.C., White Plains, NY, for respondent-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Gordon and Yael Gordon appeal from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 27, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated November 19, 2019, and the plaintiff cross-appeals from the order and judgment of foreclosure and sale. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Joseph Gordon and Yael Gordon, to strike their answer, and for an order of reference, and denied those defendants' cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the grounds that the plaintiff failed to comply with RPAPL 1304 and the notice-of-default provision in the mortgage. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order, confirmed the referee's report and directed the sale of the subject property. The order and judgment of foreclosure and sale, insofar as cross-appealed from, awarded the plaintiff $0 in attorney's fees.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as cross-appealed from, on the law and in the exercise of discretion, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended order and judgment of foreclosure and sale, inter alia, awarding the plaintiff attorney's fees in the sum of $71,451.11; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed, because the right of direct [*2]appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see id. at 248).
By a note dated September 25, 2006, the defendant Joseph Gordon borrowed the sum of $412,000 from nonparty BankUnited, FSB (hereinafter BankUnited). The note was secured by a mortgage on certain real property located in Brooklyn. The mortgage was co-signed by Joseph Gordon's wife, the defendant Yael Gordon (hereinafter together the defendants).
On August 5, 2013, BankUnited commenced an action to foreclose the mortgage against the defendants, among others. While that action was pending, BankUnited assigned the note to the plaintiff, McCormick 110, LLC. In an affidavit of service, the plaintiff's attorney stated that he personally mailed 90-day notices pursuant to RPAPL 1304 to both defendants on October 28, 2014, and again on January 5, 2016. The plaintiff also sent a notice of default to both defendants on January 5, 2016.
The plaintiff commenced the instant foreclosure action against the defendants, among others, on April 13, 2016. In an order dated May 4, 2016, the Supreme Court granted BankUnited's motion to discontinue its prior foreclosure action against the defendants.
In July 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the grounds that the plaintiff failed to comply with RPAPL 1304 and the notice-of-default provision in the mortgage. In an order dated February 27, 2019, the Supreme Court granted those branches of the plaintiff's motion and denied the defendants' cross motion, noting that "Defendant does not cite any authority precluding Plaintiff from relying on a notice sent while the loan was accelerated."
The plaintiff then moved for a judgment of foreclosure and sale. The plaintiff argued that it was entitled to reasonable attorney's fees pursuant to the terms of the mortgage, and submitted invoices for attorney's fees totaling $71,451.11. In an affirmation in opposition to the plaintiff's motion, the defendants did not address the plaintiff's request for an award of attorney's fees. In reply, the plaintiff noted that "the Defendants' opposition papers fail to dispute in any manner the Plaintiff's request for an award of attorney's fees." In an order and judgment of foreclosure and sale dated November 19, 2019, the Supreme Court confirmed the referee's report, directed the sale of the subject premises, and awarded the plaintiff $0 in attorney's fees. The defendants appeal, and the plaintiff cross-appeals, from the order and judgment of foreclosure and sale.
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and properly denied the defendants' cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). Moreover, in order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself (see U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251). Section 22 of the instant mortgage states that the plaintiff must send the borrower a notice of default at least 30 days prior to commencing a foreclosure action.
The Supreme Court properly determined that the plaintiff established that it had complied with these conditions precedent to commencing the instant action. Contrary to the defendants' contention, the court properly held that the pendency of the prior foreclosure action did [*3]not preclude the plaintiff from sending the required notices.
However, the Supreme Court improvidently exercised its discretion in denying the plaintiff's unopposed request for an award of attorney's fees. A plaintiff in a foreclosure action may be entitled to attorneys' fees pursuant to the terms of the mortgage (see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691). "However, an award of attorney's fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (id. at 691). "In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 780). "While a hearing is not required in all circumstances, 'the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered'" (People's United Bank v Patio Gardens III, LLC, 143 AD3d at 691, quoting Bankers Fed. Sav. Bank v Off W. Broadway Devs., 224 AD2d 376, 378).
Here, section 22 of the mortgage agreement at issue gave the plaintiff the right to collect "reasonable attorneys' fees" in any foreclosure action. With its motion for a judgment of foreclosure and sale, the plaintiff submitted an affidavit from its attorney, stating that the plaintiff was entitled to $71,451.11 in attorney's fees in this case. In the affidavit, the attorney described his experience, and stated that his discounted billing rate of $175 per hour "is actually less than that of other attorneys prosecuting foreclosure actions in New York State." The plaintiff further submitted its attorney's billing statements as evidence. The defendants did not oppose the plaintiff's request for an award of attorney's fees. Accordingly, the plaintiff should have been awarded attorney's fees in the sum of $71,451.11.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court