Bank of N.Y. Mellon v Dilavore (2024 NY Slip Op 06562)

Bank of N.Y. Mellon v Dilavore

2024 NY Slip Op 06562

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-09722
 (Index No. 600886/15)

[*1]Bank of New York Mellon, etc., respondent,
v
John A. Dilavore, etc., appellant, et al., defendants.

Irwin Popkin, Melville, NY, for appellant.
Hinshaw & Culbertson LLP, New York, NY (Gabrielle B. Mannuzza and Mitchell E. Zipkin of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant John A. Dilavore appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), entered October 13, 2022. The order and judgment of foreclosure and sale, upon an order of the same court dated March 29, 2017, granting those branches of the plaintiff's motion which were for summary judgment on the issue of its compliance with RPAPL 1304 and to dismiss that defendant's affirmative defense alleging failure to comply with RPAPL 1304, and upon an order of the same court dated January 29, 2020, made after a nonjury trial, inter alia, directing the dismissal of that defendant's affirmative defense alleging failure to comply with the notice requirements of the mortgage agreement, determining that the plaintiff was entitled to judgment in its favor, and directing the appointment of a referee to compute the amount due to the plaintiff, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In May 2006, the defendant John A. Dilavore (hereinafter the defendant) executed a note in the sum of $512,000 in favor of Accredited Home Lenders, Inc. (hereinafter Accredited), which was secured by a mortgage on certain residential property located in Manorville. The defendant allegedly defaulted on his obligations under the note and mortgage by failing to make the monthly payments due on November 1, 2010, and thereafter. In January 2015, the plaintiff, Accredited's successor in interest, commenced this action to foreclose the mortgage against the defendant, among others. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. By order dated March 29, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the issue of its compliance with RPAPL 1304 and to dismiss the defendant's affirmative defense alleging failure to comply with that statute and directed the parties to appear for a trial on certain remaining issues. Thereafter, in an order dated January 29, 2020, made after a nonjury trial, the court, inter alia, directed the dismissal of the defendant's affirmative defense alleging failure to comply with the notice requirements of the mortgage agreement, determined that the plaintiff was entitled to [*2]judgment in its favor, and directed the appointment of a referee to compute the amount due to the plaintiff. After the referee issued his report, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale entered October 13, 2022, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"RPAPL 1304(1) provides that 'with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower'" (Deutsche Bank Natl. Trust Co. v Mangi, 222 AD3d 942, 944). "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Bank of N.Y. Mellon v Mannino, 209 AD3d 707, 709 [internal quotation marks omitted]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804). "A plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened" (Wells Fargo Bank, N.A. v Fregosi, 222 AD3d 811, 812). Moreover, in order to establish entitlement to a judgment of foreclosure and sale, a "plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself" (McCormick 110, LLC v Gordon, 200 AD3d 672, 674; see U.S. Bank N.A. v Kissi, 219 AD3d 1551, 1553-1554).
Here, contrary to the defendant's contention, the plaintiff demonstrated, prima facie, that it complied with the notice and mailing requirements of RPAPL 1304 (see McCormick 110, LLC v Gordon, 200 AD3d at 674; Ditech Fin., LLC v Naidu, 198 AD3d 611, 614). In support of its motion for summary judgment, the plaintiff submitted, among other things, a copy of the RPAPL 1304 notice and an affidavit of an employee of its loan servicer. In her affidavit, the employee averred that, on September 9, 2014, she personally mailed the notice to the defendant at the address of the subject property by both first-class mail and certified mail (see Ditech Fin., LLC v Naidu, 198 AD3d at 614; Charles Schwab Bank v Winitch, 179 AD3d 1003, 1005; cf. Central Mtge. Co. v Canas, 173 AD3d 967, 969). In opposition to the plaintiff's prima facie showing of its compliance with RPAPL 1304, the defendant failed to raise a triable issue of fact.
The plaintiff also established its compliance with the notice requirements of the mortgage agreement (see McCormick 110, LLC v Gordon, 200 AD3d at 674). Section 22 of the mortgage agreement, inter alia, required the plaintiff to send the borrower a notice of default at least 30 days prior to commencing a foreclosure action. The plaintiff established, through the testimony of another employee of its loan servicer and exhibits admitted at trial, that it sent the defendant the requisite notice of default in March 2011. Contrary to the defendant's contention, that employee's testimony was sufficient to establish her familiarity with the servicer's "standard office mailing procedure," which was "designed to ensure that items [we]re properly addressed and mailed" (U.S. Bank N.A. v Glasgow, 218 AD3d 717, 720; cf. U.S. Bank N.A. v Kissi, 219 AD3d at 1553-1554).
The defendant's remaining contentions are either unpreserved for appellate review or without merit.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court