PennyMac Corp. v Bongiovanni
2026 NY Slip Op 03683
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

PennyMac Corp., respondent,
v
Danielle Liguori Bongiovanni, et al., defendants, Sebastian Bongiovanni, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-07149, (Index No. 135011/16)
Angela G. Iannacci, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Sebastian Bongiovanni, Staten Island, NY, appellant pro se.
Hasbani & Light, P.C., New York, NY (Rafi Hasbani of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sebastian Bongiovanni appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Ronald Castorina, Jr., J.), dated April 29, 2024. The order and judgment of foreclosure and sale, insofar as appealed from, (1) granted that branch of that defendant's motion which was to set aside the referee's report only to the extent of excluding the sum of $233,670.40 as part of the "Other Charges" from the amount due to the plaintiff, (2) granted that defendant's objection to the "Other Charges" only to the extent of excluding the sum of $233,670.40, (3) denied that branch of that defendant's motion which was to impose sanctions upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408, and (4) granted those branches of the plaintiff's motion which were to confirm the referee's report, as modified, for a judgment of foreclosure and sale, and for an award of attorneys' fees, confirmed the referee's report, as modified, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Sebastian Bongiovanni which was to set aside the referee's report to the extent of excluding the sum of $233,670.40 as part of the "Other Charges" from the amount due to the plaintiff, and substituting therefor a provision granting that branch of the motion to the extent of excluding the sum of $279,475.30 as part of the "Other Charges" from the amount due to the plaintiff, and (2) by deleting the provision thereof granting the objection of the defendant Sebastian Bongiovanni to the "Other Charges" to the extent of excluding the sum of $233,670.40, and substituting therefor a provision granting the objection to the extent of excluding the sum of $279,475.30; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, without costs and disbursements.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Sebastian Bongiovanni (hereinafter the defendant). The Supreme Court granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference and appointed a referee to compute the amount due to the plaintiff. After a hearing, the referee issued a report computing the amount due to the plaintiff. The total amount due to the plaintiff included the sum of $279,475.30 designated as "Other Charges," [*2]which consisted of forbearance principal in the sum of $233,670.40, attorneys' fees in the sum of $15,375, foreclosure expenses in the sum of $301.46, and "Prior Servicer Corporate Advances" in the sum of $30,128.44.
The defendant moved, inter alia, to set aside the referee's report and to impose sanctions upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408. The plaintiff moved, among other things, to confirm the referee's report, for a judgment of foreclosure and sale, and for an award of attorneys' fees. In an order and judgment of foreclosure and sale dated April 29, 2024, the Supreme Court, inter alia, (1) granted that branch of the defendant's motion which was to set aside the referee's report to the extent of excluding the sum of $233,670.40 as part of the "Other Charges," (2) granted the defendant's objection to the "Other Charges" to the extent of excluding the sum of $233,670.40, and (3) denied that branch of the defendant's motion which was to impose sanctions upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408. In addition, the court granted those branches of the plaintiff's motion which were to confirm the referee's report, as modified, for a judgment of foreclosure and sale, and for an award of attorneys' fees in the sum of $144,000, confirmed the referee's report, as modified, and directed the sale of the subject property. The defendant appeals.
"A plaintiff in a foreclosure action may be entitled to attorneys' fees pursuant to the terms of the mortgage" (McCormick 110, LLC v Gordon, 200 AD3d 672, 675; see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691). Pursuant to the terms of the note and mortgage, the plaintiff was entitled to "reasonable attorneys' fees." "However, an award of attorney's fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (People's United Bank v Patio Gardens III, LLC, 143 AD3d at 691; see Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 779). "In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (Vigo v 501 Second St. Holding Corp., 121 AD3d at 780; see McCormick 110, LLC v Gordon, 200 AD3d at 675).
Here, the plaintiff's submissions, including counsels' affirmations of services rendered, together with the statements of legal fees attached thereto, adequately showed that legal fees totaling the sum of $144,000 were incurred by the plaintiff in the prosecution of this action, and we are satisfied that such fees represent reasonable compensation under the circumstances of this case (see McCormick 110, LLC v Gordon, 200 AD3d at 675; Purmm Capital Corp. v 697 Evergreen Ave., Inc., 172 AD3d 1414, 1415; Vigo v 501 Second St. Holding Corp., 121 AD3d at 780).
However, as the plaintiff correctly concedes, the sum of $15,375 should not have been included in the "Other Charges" as sums due to the plaintiff, since the order of reference directed the referee to ascertain and compute the amount due, except for attorneys' fees. Moreover, the plaintiff concedes that the sum of $301.46 likewise should not have been included in the "Other Charges" and that it "has forgone its right to the $30,128.44" related to "Prior Servicer Corporate Advances." Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to set aside the referee's report to the extent of excluding the sum of $279,475.30 in "Other Charges" and granted the defendant's objection to such charges.
The defendant's remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court