In the Matter of the Final Accounting of JOHN W. EVANS, as Committee of the Person and Property of EARL F. EVANS, an Incompetent Person, Now Deceased, Respondent. GRACE A. POKRANDT et al., Individually and as Coadministrators of the Estate of EARL F. EVANS, Deceased, Appellants.

Fourth Department, October 17, 1958.

*William J. Ostrowski* and *John M. Tubridy* for appellants.

*Milton S. Weisberg* for respondent.

*Per Curiam.* Following the death of the incompetent the respondent committee filed his final account covering the period from his appointment in 1938 to the date of the account in November, 1957. It appeared therein that the committee would request an allowance as committee of the person of the incompetent and an additional allowance as committee of the property. The appellants, who were sisters of the incompetent, filed an answer individually and as administrators of the estate of the incompetent, which contained objections to the making of such

allowances and also set forth specific objections to several other items in the account, including a proposed allowance set forth therein for legal services to the attorney for the committee.

Upon the return of the application to settle the accounts, Special Term overruled all objections thereto and allowed $1,000 to the accounting party as committee of the person of the incompetent, $500 as a special allowance as committee of the property and $1,000 for legal services. The record before us contains no information as to what transpired before Special Term. It appears from the briefs that the objections were "argued" before the court. In any event no testimony was taken and no affidavits were submitted upon which the allowances were made by Special Term.

The answer contained specific objections to certain disbursements made by the committee, including the sum of $780 claimed to have been paid for the board and care of the incompetent and a total amount of more than $10,000 set forth in the account as having been given to the incompetent for "spending money, food and clothing." As to these items and the amount of commissions taken by the committee or due him the burden of proof was upon the latter to prove the propriety of the charges for which he sought allowances. (*Matter of Battey,* 260 App. Div. 362; see, also, 4 Butler, N. Y. Surrogate Law & Practice, §§ 2833–2837.) It follows that upon the hearing the committee should have proceeded to furnish proof as to the validity of these items.

Section 1376 of the Civil Practice Act fixes the compensation of a committee as the same as an executor or administrator. It is further provided that "in a special case where his services exceed those of an executor or administrator, the * * * court * * * may allow him such an additional compensation for such additional services as it deems just. The compensation of a committee of the person must be fixed by the court ". It would seem to be a minimal requirement that when either of these allowances is made, whether in an ex parte or adversary proceeding, it should be based upon petition, affidavit or testimony. If the application is made for additional compensation there should be clear proof upon which a finding may be made that the services exceed those of an executor or administrator. Similarly, when an allowance is sought as committee of the person there should be proof in permanent form of the services performed in that capacity. Such action was especially requisite in this proceeding where notice had been given in the account that the allowances would be requested and written

objection thereto had been made in the answer. Therefore, the allowances to respondent of $1,500 as committee of the person and $500 as an additional allowance may not stand.

Lastly, the order appealed from allowed the attorney for the committee the sum of $1,000. The only proof before the court was the statement in the account requesting the fixation of a fee for legal services, including preparation of the account and the proceedings for judicial settlement thereof. It appears from the account that periodic payments were made through the years for attorney's services and no objection has been filed thereto. Again there is nothing before us upon which the decision of Special Term may be reviewed. The appellants contend that the award was excessive; that the preparation of the final account in substance consisted of copying the annual accounts of the committee. We are asked to reduce the allowance but such action is impossible in the absence of proof by affidavit or testimony showing the nature and amount of the services performed and the reasonable value thereof. These should have been submitted to Special Term upon the accounting. (Cf. *Matter of Maxwell*, 218 N. Y. 88; *Matter of Kittelberger*, 4 A D 2d 218, 225, 226, affd. 4 N Y 2d 740.)

The order appealed from should be reversed, with costs to the appellants payable out of the fund, and the proceeding remitted to Erie Special Term for further proceedings in accordance with this opinion.

All concur. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

Order reversed, with costs to the appellants payable out of the fund, and matter remitted to Erie Special Term for further proceedings in accordance with the opinion.