■ MARINE MIDLAND BANK, Respondent, v FEREIDOUN HAKIM et al., Appellants, et al., Defendants. [669 NYS2d 212] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered August 6, 1996, which granted plaintiff's motion for partial summary judgment seeking enforcement of defendants-appellants' guaranty of a loan, unanimously affirmed, with costs.

Plaintiff's decision to sue on the note while retaining the collateral was within its rights under UCC 9-501 (1) and was commercially reasonable (see, First Intl. Bank v Blankstein & Son, 59 NY2d 436, 447; Chemical Bank v Alco Gems Corp., 151 AD2d 366, 368).

Defendants have presented no evidence suggesting either negligence by plaintiff in the preservation of the collateral or of a decline in value. Plaintiff was not required to " 'play the market' " by selling nonperishable collateral during the course of litigation (59 NY2d, supra, at 447).

In light of defendants' admitted default under several terms of the security agreement, plaintiff's acceleration of the amount due, explicitly authorized by the agreement, was in good faith (see, UCC 1-208).

Finally, defendants' mere hope that they might be able to uncover some evidence during the discovery process is insufficient to defeat summary judgment (see, Moukarzel v Montefiore Med. Ctr., 235 AD2d 239, 240).

We have reviewed defendants-appellants' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Williams, Mazzarelli and Andrias, JJ.