■ In the Matter of URIEL R. ALBERT E. SPENCER, Respondent; STEVEN RONDOS, Appellant. [19 NYS3d 441]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Steven Rondos, a former co-guardian of the person and property of Uriel R., appeals, pursuant to 22 NYCRR 670.15, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated September 10, 2013, as, after a hearing, failed to award him guardianship commissions and an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

Steven Rondos claims entitlement to an attorney's fee and commissions for work he performed as co-guardian of the person and property of Uriel R., an incapacitated person, from 2004 until 2008, when he was relieved as co-guardian. The Supreme Court, without explanation, failed to award Rondos any compensation.

The Supreme Court has broad discretion in determining what, if any, compensation is due to a fiduciary of an incapacitated person (*see Matter of Joshua H. [Grace N.]*, 80 AD3d 698 [2011]). In making its award, it must provide a clear and

concise explanation for its award, or lack thereof, in a written decision (*see Matter of Moriarty*, 119 AD3d 445, 446 [2014]). Generally, if the court fails to provide an explanation for its award, the matter will be remitted to the Supreme Court so that it can explain the factors it considered and the reasons for its determination (*see Matter of Audrey J.S.*, 34 AD3d 820 [2006]). However, in this case the record is sufficient for this Court to make its own findings of fact (*see Matter of Leon G.*, 7 AD3d 524 [2004]) and, in the interest of judicial economy, we do so.

The burden rests upon the guardian and/or attorney to establish the necessity for and the reasonable value of his or her services (*see Matter of Stark*, 174 AD2d 746, 747 [1991]; *Matter of Evans*, 6 AD2d 409, 411 [1958]). Rondos did not submit any proof showing the nature and amount of the services he performed, nor did he submit evidence of the reasonable value of the work performed. Thus, Rondos did not meet his threshold burden of establishing that he was owed compensation.

Accordingly, Rondos was properly denied guardianship commissions and an attorney's fee. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.