W6 Facility X, LLC v West 6 Care Ctr., Inc. (2019 NY Slip Op 01254)





W6 Facility X, LLC v West 6 Care Ctr., Inc.


2019 NY Slip Op 01254


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-06826
 (Index No. 505421)

[*1]W6 Facility X, LLC, appellant, 
v
West 6 Care Center, Inc., respondent, et al., defendant.


Solomon J. Jaskiel, Brooklyn, NY, for appellant.
Chen & Associates, P.C., New York, NY (Nicole Lichtman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a commercial lease and to recover on a personal guaranty, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark Partnow, J.), entered April 12, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the cause of action to recover on a personal guaranty asserted against the defendant Ling Jiao Chan and the cause of action for attorney's fees insofar as asserted against that defendant, and dismissing that defendant's counterclaims.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on a personal guaranty asserted against the defendant Ling Jiao Chan, and substituting therefor a provision granting that branch of the motion and awarding the plaintiff damages in the principal sum of $67,422.98, (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the cause of action for attorney's fees insofar as asserted against that defendant, and substituting therefor a provision granting that branch of the plaintiff's motion on the issue of liability only, and (3) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaims of the defendant Ling Jiao Chan, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the defendant Ling Jiao Chan, and the matter is remitted to the Supreme Court, Kings County, for further proceedings to determine the amount of an award of attorney's fees.
The plaintiff commenced this action, inter alia, to recover damages for breach of a commercial lease and to recover on a personal guaranty. The plaintiff alleged that its predecessor in interest leased commercial property to the defendant West 6 Care Center, Inc. (hereinafter the tenant), pursuant to a seven-year lease commencing November 1, 2012, and that the defendant Ling Jiao Chan (hereinafter the guarantor) executed a personal guaranty of the tenant's obligations under the lease. The plaintiff alleged that the tenant vacated and surrendered possession of the premises on March 27, 2014, that the tenant had defaulted on the payments due under the lease, and that the guarantor had failed to satisfy his obligations pursuant to the guaranty. The guarantor answered the complaint and, inter alia, asserted counterclaims alleging breach of contract, unjust enrichment, and [*2]fraud.
The plaintiff moved for summary judgment on its causes of action to recover on the guarantor's personal guaranty and to recover attorney's fees insofar as asserted against the guarantor, and for summary judgment dismissing the guarantor's counterclaims. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
The plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of liability on its cause of action to recover on a personal guaranty by demonstrating that the guarantor breached his obligations under the guaranty (see 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 798; Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 730; TD Bank, N.A. v Clinton Ct. Dev., LLC, 105 AD3d 1032, 1034-1035). In opposition, the guarantor's claim that the lease had been orally modified was insufficient to raise a triable issue of fact (see Rose v Spa Realty Assocs., 42 NY2d 338, 343). Further, the plaintiff established, prima facie, that it was entitled, pursuant to the terms of the lease and guaranty, to recover the principal sum of $67,422.98 as follows: (1) base rent in the total amount of $18,450, plus "additional rent" representing condominium charges in the total amount of $2,382.12, for the four-month period following the early surrender of the premises, (2) a "rent allowance," which became due and owing as "additional rent" under the terms of Schedule A to the lease, totaling $34,000, plus condominium charges in the total amount of $3,590.86, and (3) the plaintiff's broker's fee incurred in connection with the lease in the amount of $9,000, which became due and owing as "additional rent" upon the early surrender of the premises. In opposition, the guarantor failed to raise a triable issue of fact.
The plaintiff also established its prima facie entitlement to judgment as a matter of law on the issue of liability on its cause of action to recover attorney's fees insofar as asserted against the guarantor. The plaintiff established, prima facie, both that the terms of the lease entitled it to recover attorney's fees incurred in connection with negotiating and preparing the lease, and that the guaranty provided for the recovery of attorney's fees in connection with an action to enforce the lease or guarantee (see RAD Ventures Corp. v Artukmac, 31 AD3d 412, 414). In opposition, the guarantor failed to raise a triable issue of fact.
However, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law as to the amounts of those fees. "An award of an attorney's fee pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 779). Since the plaintiff's motion was not supported by proper evidence substantiating the amount of attorney's fees sought by the plaintiff, we agree with the Supreme Court's determination denying that branch of the motion which was for summary judgment on the issue of damages for those fees (see Matter of Uriel R. [Rondos], 133 AD3d 859, 860). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for further proceedings to determine the amount of an award of attorney's fees.
Finally, the plaintiff established its prima facie entitlement to judgment as a matter of law dismissing the guarantor's counterclaims alleging breach of a purported oral modification of the lease, unjust enrichment, and fraud (see Zuckerman v City of New York, 49 NY2d 557, 562). In opposition, the guarantor failed to raise a triable issue of fact.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court