Lupo v Anna's Lullaby Café, LLC (2020 NY Slip Op 07557)





Lupo v Anna's Lullaby Café, LLC


2020 NY Slip Op 07557


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2019-00127
2020-09020
 (Index No. 609239/16)

[*1]Fran Lupo, et al., appellants, 
v
Anna's Lullaby Café, LLC, et al., respondents (and a third-party action).


Cooper & Paroff, P.C., Kew Gardens, NY (Ira G. Cooper of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated October 19, 2018. The order, insofar as appealed from, (1) upon renewal, in effect, vacated a determination in an order of the same court dated February 28, 2018, granting the plaintiffs' motion for summary judgment on the first and second causes of action, and thereupon denied the plaintiffs' prior motion, and (2), upon searching the record, awarded the defendants summary judgment dismissing the first and second causes of action. The appeal brings up for review so much of an order of the same court dated March 8, 2019, as, upon reargument, adhered to the determination in the order dated October 19, 2018 (see CPLR 5517[b]).
ORDERED that the appeal from the order dated October 19, 2018, is dismissed, as that order was superseded by the order dated March 8, 2019, made upon reargument; and it is further,
ORDERED that the order dated March 8, 2019, is modified, on the law, (1) by deleting the provision thereof adhering to the determination in the order dated October 19, 2018, awarding the defendants summary judgment dismissing the first and second causes of action, and substituting therefor a provision vacating that determination, (2) by deleting the provision thereof adhering to the determination in the order dated October 19, 2018, denying that branch of the plaintiffs' prior motion which was for summary judgment on the first cause of action, and substituting therefor a provision vacating that determination, and thereupon granting that branch of the plaintiffs' prior motion, and (3) by deleting the provision thereof adhering to the determination in the order dated October 19, 2018, denying that branch of the plaintiffs' prior motion which was for summary judgment on the second cause of action, and substituting therefor a provision vacating that determination, and thereupon granting that branch of the plaintiffs' prior motion to the extent of awarding the plaintiffs summary judgment on the issue of liability and otherwise denying that branch of the plaintiffs' prior motion; as so modified, the order dated March 8, 2019, is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of an award of attorney's fees to which the plaintiffs are entitled under the second cause of action; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiff Fran Lupo was the sole shareholder of the plaintiff Lullaby Café, Inc. [*2](hereinafter Café, Inc.), which operated a café in Hicksville. In April 2016, the defendant Anna's Lullaby Café, LLC (hereinafter the LLC), executed a promissory note in favor of Lupo for the principal sum of $230,000 in connection with an asset purchase agreement by which Café, Inc., agreed to sell its café business to the LLC. The promissory note was personally guaranteed by the defendants Limor Shekhter and David Shekhter, and required the LLC to make 48 equal monthly payments to Lupo in the sum of $5,079.17, commencing May 1, 2016. In connection with the sale, the LLC also executed a security agreement granting Café, Inc., a security interest in certain equipment listed in the "Schedule" set forth therein. The LLC eventually defaulted under the promissory note by failing to pay the amount due to Lupo beginning in August 2016.
In November 2016, the plaintiffs commenced this action against the defendants, seeking, in the first and second causes of action, to recover the balance due on the promissory note and guaranty and an award of attorney's fees, respectively. The plaintiffs took possession of the café pursuant to a so-ordered stipulation dated December 5, 2016. The plaintiffs subsequently moved, inter alia, for summary judgment on the first and second causes of action. In an order dated February 28, 2018, the Supreme Court granted the plaintiffs' motion. Thereafter, the defendants moved for leave to renew and reargue their opposition to the plaintiffs' motion for summary judgment. The defendants argued that the plaintiffs' retaking possession of the premises constituted an election of remedies, which precluded the plaintiffs from proceeding on the promissory note and guaranties. In an order dated October 19, 2018, the Supreme Court granted that branch of the defendants' motion which was for leave to renew, and upon renewal, inter alia, denied the plaintiffs' prior motion for summary judgment and, upon searching the record, awarded the defendants summary judgment dismissing the complaint. The plaintiffs thereafter moved, in effect, for leave to reargue their opposition to the defendants' renewal motion. In an order dated March 8, 2019, the court granted leave to reargue, and upon reargument, adhered to so much of its determination in the order dated October 19, 2018, as denied those branches of the plaintiffs' prior motion which were for summary judgment on the first and second causes of action, and upon searching the record, awarded summary judgment to the defendants dismissing the complaint. The plaintiffs appeal.
The plaintiffs established their prima facie entitlement to judgment as a matter of law on the first cause of action, seeking to recover on the promissory note and the guaranty, through their submission of the promissory note, which contained an unequivocal and unconditional obligation to pay, the personal guaranty, and an affidavit setting forth the defendants' default (see Margarella v Ullian, 164 AD3d 898, 899; Assevero v Rihan, 144 AD3d 1061, 1062; Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc., 114 AD3d 912, 912-913). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the Supreme Court's determination, the plaintiffs' repossession of the café did not constitute an election of remedies that precluded the plaintiffs from proceeding on the note and guaranty (see UCC 9-601, 9-609; see also Marine Midland Bank v Hakim, 247 AD2d 345; Warnaco Inc. v Farkas, 872 F2d 539, 544-545 [2d Cir]). Accordingly, upon reargument, the court should have granted that branch of the plaintiffs' prior motion which was for summary judgment on the first cause of action.
The plaintiffs also established their prima facie entitlement to judgment as a matter of law on the issue of liability on the second cause of action, which sought to recover attorney's fees. The plaintiffs established, prima facie, that the security agreement, note, and guaranty all provided for the recovery of attorney's fees incurred in enforcing those instruments (see RAD Ventures Corp. v Artukmac, 31 AD3d 412, 414). In opposition, the defendants failed to raise a triable issue of fact.
However, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law as to the amount of those fees. "An award of an attorney's fee pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 779). Here, the plaintiffs' motion was not supported by proper evidence substantiating the amount of attorney's fees sought by the plaintiffs. Accordingly, upon reargument, the Supreme Court should have granted that branch of the plaintiffs' prior motion which was for summary judgment on the issue of liability on the second cause of action, and determined the reasonable counsel fees to which the plaintiffs are entitled (see e.g. Matter of Uriel R. [Rondos], 133 AD3d 859, 860; Friedman v [*3]Miale, 69 AD3d 789, 791-792). We therefore remit the matter to the Supreme Court, Nassau County, for further proceedings to determine the amount of an award of attorney's fees.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court