Cornerstone Capital Lending, LLC v Crupi (2023 NY Slip Op 00409)

Cornerstone Capital Lending, LLC v Crupi

2023 NY Slip Op 00409

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-02215
 (Index No. 57966/18)

[*1]Cornerstone Capital Lending, LLC, appellant,
v
Michael . Crupi, respondent, et al., defendant.

Tartaglia Law Group LLC, Rye Brook, NY (Daniel D. Tartaglia of counsel), for appellant.
Acocella Law Group, P.C., Purchase, NY (Sheila A. Murphy of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated February 5, 2020. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Michael V. Crupi.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Michael V. Crupi is granted.
In this action, inter alia, to recover on a promissory note executed by the defendant Michael V. Crupi, the plaintiff moved for summary judgment on the complaint insofar as asserted against Crupi. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by establishing the existence of the note and Crupi's failure to make payments according to the terms of the note (see Lupo v Anna's Lullaby Café, LLC, 189 AD3d 1205, 1207-1208; Intermax Eco, LLC v Eco Family Food Mart Corp., 172 AD3d 1040, 1041). In opposition to the plaintiff's prima facie showing, Crupi failed to raise a triable issue of fact with respect to a bona fide defense (see Gullery v Imburgio, 74 AD3d 1022, 1023). Contrary to Crupi's contention, the plaintiff established that it had standing by demonstrating that the allonge was firmly affixed to the note (see LNV Corp. v Allison, 206 AD3d 710; cf. Federal Natl. Mtge. Assn. v Hollien, 198 AD3d 615, 617-618). In addition, Crupi's speculation that the signatory on the allonge may not have had authority to transfer the note does not raise a triable issue of fact with regard to the plaintiff's standing (see UCC 3-307[1][b]; U.S. Bank Trust, N.A. v Varian, 156 AD3d 1255, 1257; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074). Nor does Crupi's contention that the maker of the note may not have been authorized to conduct business in New York raise a triable issue of fact (see KSK Constr. Group, LLC v 26 E. 64th St., LLC, 126 AD3d 568, 568-569; Unique Laundry Corp. v Hudson Park NY LLC, 55 AD3d 382, 382; Cohen v OrthoNet N.Y. IPA, Inc., 19 AD3d 261, 261). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Crupi.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court