■ YAHAIRA HERNANDEZ et al., Respondents-Appellants, v ARDEN KAISMAN, Appellant-Respondent. (And a Third-Party Action.) [30 NYS3d 99]—

Judgment, Supreme Court, New York County (Debra A. James, J.), entered June 3, 2015, insofar as appealed from, awarding plaintiffs attorneys' fees in the amount of $264,612.50 and disbursements in the amount of $12,000, unanimously af-

firmed, with costs. Appeal from order, same court and Justice, entered May 4, 2015, deemed an appeal from the judgment (CPLR 5520 [c]).

The trial court providently exercised its discretion in determining the amount of attorneys' fees and costs to be awarded plaintiffs, the prevailing parties in this action for gender-based employment discrimination under the New York City Human Rights Law (Administrative Code of City of NY § 8-502 [g]; *see McGrath v Toys "R" Us, Inc.*, 3 NY3d 421, 430 [2004] ["calculation of an appropriate fee award is a discretionary procedure best left in the hands of trial courts who have a superior understanding of the litigation" (internal quotation marks omitted)]).

Contrary to defendant's contentions, the fee award set by the court, which is substantially less than the amount requested, is not unreasonably high. The court was not required to reduce fees further to reflect a relative "lack of success"; the unsuccessful claims "involve[d] a common core of facts or were based on related legal theories, so that [m]uch of counsel's time w[as] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis" (*LeBlanc-Sternberg v Fletcher*, 143 F3d 748, 762 [2d Cir 1998] [internal quotation marks omitted]). There is also no per se rule against awarding fees in excess of damages recovered; indeed, fees may even be appropriate where a party recovers only nominal damages—at least where, as here, the litigation served a significant public purpose (*McGrath*, 3 NY3d 421). The instant case enabled the courts to clarify the standard applicable to hostile work environment claims under the City HRL. The hourly rates are within the range of rates awarded to other lawyers of similar experience practicing in New York, and the number of hours worked is likewise not unreasonable, particularly in the context of a litigation that lasted eight years and involved two dispositive motions, discovery, a prior appeal, and a two-week trial. Lead counsel's time sheets provide "sufficient detail to permit intelligent review of the necessity or reasonableness of the time expenditures recorded therein" (*Matter of Rourke v New York State Dept. of Correctional Servs.*, 245 AD2d 870, 870 [3d Dept 1997]; *see also Rozell v Ross-Holst*, 576 F Supp 2d 527, 540 [SD NY 2008] [vague time entries sufficiently clear "when viewed in the context of other work performed around the same time"]).

Contrary to plaintiffs' contentions, the trial court did not set the fee award unreasonably low. Other courts have similarly discounted senior attorney hours where, as here, they made up

a "disproportionate" amount of the time spent on the matter (*see Rozell*, 576 F Supp 2d at 541), and have similarly discounted trial time where, as here, multiple lawyers were present at trial (*see Luciano v Olsten Corp.*, 109 F3d 111, 117 [2d Cir 1997]; *Zhao Hui Chen v Jin Holding Group Inc.*, 2012 WL 279719, *3, 2012 US Dist LEXIS 11570, *8-9 [SD NY, Jan. 31, 2012, No. 10 Civ 0414(PAC)]). Although a court may award costs even in the absence of receipts, the court was entitled to discount those costs it believed to be unreasonable or unsubstantiated in light of the lack of documentation (*see Adorno v Port Auth. of N.Y. & N.J.*, 685 F Supp 2d 507, 518 [SD NY 2010]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.