Board of Mgrs. of Academy House Condominium v People Foreign Exch. (2023 NY Slip Op 01760)

Board of Mgrs. of Academy House Condominium v People Foreign Exch.

2023 NY Slip Op 01760

Decided on April 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2023

Before: Webber, J.P., Oing, Gesmer, Mendez, Shulman, JJ. 

Index No. 158796/17 Appeal No. 17635 Case No. 2022-01075 

[*1]Board of Managers of Academy House Condominium, Suing on Behalf of the Unit Owners, Respondent,
v
People Foreign Exchange et al., Appellants.

Smith, Buss & Jacobs, LLP, Yonkers (Jennifer L. Stewart of counsel), for appellants.
Smith, Gambrell & Russell, LLP, New York (Morgan V. Manley of counsel), for respondent.

Order, Supreme Court, New York County (William F. Perry, J.) entered on or about February 10, 2022, which, upon the parties' submissions of an accounting and objections, awarded plaintiff $149,131.98 in unpaid common charges, interest, and attorneys' fees, unanimously affirmed, without costs.
The order is not appealable as of right under CPLR 5701(a)(2) because it did not decide a motion made on notice. Rather, Supreme Court sua sponte withdrew reference to a referee and determined the issue that had been referred — that is, the issue of attorneys' fees. Thus, we deem the notice of appeal from the order to be a motion for leave to appeal, and we grant the motion (see Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]).
On the merits, Supreme Court properly awarded plaintiff money damages following an award of summary judgment as to liability in its favor in an August 2020 order, and properly based the award on a computation of the amounts due under the express terms of the condominium's governing documents.
Furthermore, for the purpose of awarding attorneys' fees, plaintiff was effectively the prevailing party under the August 2020 order, since the result of that order was that plaintiff received the unpaid common charges that it had sought in the complaint (see e.g. Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1st Dept 1996] [award of attorneys' fees requires "consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope"]). Although plaintiff was not awarded common charges for the period before August 2017, the award of the unpaid amounts from August 2017 onward was nevertheless sufficient to render plaintiff the prevailing party (see Board of Managers of 55 Walker St. Condominium v Walker St., LLC, 6 AD3d 279, 280 [1st Dept 2004]). In addition, in exercising its discretion to award plaintiff all the attorneys' fees sought, the court was not required to reduce the fees to reflect "a relative lack of success" even though plaintiff did not prevail on all of its claims (Hernandez v Kaisman, 139 AD3d 406, 407 [1st Dept 2016] [internal quotation marks omitted]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2023