Seibel v Ramsay (2024 NY Slip Op 01617)

Seibel v Ramsay

2024 NY Slip Op 01617

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 651046/14 Appeal No. 1780-1781-1782 Case No. 2022-02729 2022-05126 2022-05129 

[*1]Rowen Seibel etc., et al., Plaintiffs-Appellants,
v
Gordon Ramsay et al., Defendants-Respondents, FCLA, LP, et al., Nominal Defendants. 

Certilman Balin Adler & Hyman, LLP, East Meadow (Paul Sweeney of counsel), for appellants.
Mitchell Silberberg & Knupp LLP, New York (Kevin E. Gaut, Jacob D. Albertson and Paul D. Montclare of the bar of the State of California, admitted pro hac vice of counsel), for respondents.

Judgment, Supreme Court, New York County (Melissa Crane, J.), entered October 18, 2022, awarding defendants attorneys' fees in the amount of $4,004,376.88, unanimously affirmed, without costs. Judgment, Supreme Court, New York County (Melissa Crane, J.), entered October 25, 2022, awarding defendants a money judgment after trial on their counterclaims and dismissing plaintiff's claims for breach of contract, breach of fiduciary duty, and attorneys' fees, and bringing up for review an order, same court and Justice, entered on or about May 19, 2022, which, insofar as appealed from, denied plaintiff's motion in limine to preclude certain audio recordings and transcripts, unanimously modified, on the law, to the extent of dismissing defendants' indemnification counterclaim, and otherwise affirmed, without costs. Appeal from May 19, 2022 order, unanimously dismissed, without costs, as subsumed in the appeal from the October 25, 2022 judgment.
Plaintiff Rowen Seibel and defendant celebrity chef Gordon Ramsay (through his affiliated entity, G.R. US Licensing, LP) were partners in the Los Angeles restaurant The Fat Cow (the restaurant). The restaurant was owned and operated by FCLA, LP (the LP), a Delaware LP, which was in turn managed by The Fat Cow, LLC (the LLC), a California LLC managed by Seibel and Ramsay. The operative LP and LLC agreements provided that management was to be by the "unanimous consent" of Seibel and Ramsay.
Seibel brought this action on behalf of himself and derivatively on behalf of the LP and the LLC, alleging that Ramsay breached the LP and LLC agreements and also his fiduciary duties by unilaterally closing the restaurant. Ramsay asserted counterclaims for breach of contract, breach of fiduciary duty, and contractual indemnification. This appeal follows a decision in Ramsay's favor after a bench trial.
The trial court properly admitted evidence of the three audio calls about which call participant Andy Wenlock, who worked for Ramsay, testified, but should have excluded evidence of the fourth call about which only Seibel testified. Wenlock's testimony was sufficient to authenticate and establish the legality under US law of recording the calls he participated in, but Seibel's testimony was not alone sufficient to accomplish these purposes as to the remaining call (see CPLR 4506; People v Ely, 68 NY2d 520, 522, 527-529 [1986]; People v Lasher, 58 NY2d 962, 963 [1983]). However, admission of this fourth call was harmless error as the trial court did not rely on this call at all in its decision.The legality of the recordings in the UK, where they were made, is irrelevant (see CPLR 4506).
The trial court's credibility determinations with respect to Seibel and Ramsay were not unreasonable as a matter of law.
Although it is undisputed that Ramsay unilaterally decided to close the restaurant over Seibel's objections, Seibel's breach of contract claim was nonetheless properly dismissed because Ramsay's breach was excused by Seibel's [*2]own failure to perform under the agreements (see Intermec IP Corp. v TransCore, LP, 2023 WL 5661585, *5, 2023 Del Super LEXIS 758, *11-12 [Aug. 23, 2023, C.A. No. N20C-03-254 PRW CCLD]), by operation of the impossibility and frustration of purpose doctrines (see Obsidian Fin. Group, LLC v Identity Theft Guard Solutions, Inc., 2021 WL 1578201, *6, 2021 Del Ch LEXIS 74, *13 [Apr. 22, 2021, C.A. No. 2020-0485-JRS]; Akorn, Inc. v Fresenius Kabi AG, 2018 WL 4719347, *57, 2018 Del Ch LEXIS 325, *131 [Oct. 1, 2018, C.A. No. 2018-0300-JTL], affd 198 A3d 724 [2018]), and because Seibel failed to demonstrate damages. Seibel breached the unanimous consent provisions by unilaterally withdrawing money from restaurant accounts. In addition, Seibel's misconduct and the resulting breakdown of the restaurant's relationships with vendors and employees, as well as the deterioration of the relationship between the parties, frustrated the restaurant's purpose and rendered its continued operation commercially impracticable. It is undisputed that the restaurant was not turning a profit when it closed, and Ramsay's expert opined that it was insolvent. Seibel's expert's opinion to the contrary was not based on historical data but on speculative assumptions and a selective disregard of known issues, all of which Ramsay's experts opined rendered it without basis and not credible. The trial court also reasonably disregarded Seibel's alternative damages analysis based on nonfinal offers to buy the business, which was not actually supported by any of his experts. In view of our disposition of these issues, we need not reach the parties' arguments with respect to the in pari delicto doctrine.
Seibel's breach of fiduciary duty claim was properly dismissed as duplicative of his breach of contract claim (see Grunstein v Silva, 2009 WL 4698541, *7, 2009 Del Ch LEXIS 206, *17-23 [Dec. 8, 2009, C.A. No. 3932-VCN]) and for lack of damages. To the extent it is not duplicative and subject to the "entire fairness" review applicable to interested transactions, the entire fairness standard is satisfied insofar as "there was no future for the business and no better alternative" (see CanCan Dev., LLC v Manno, 2015 WL 3400789, *26, 2015 Del Ch LEXIS 144, *79 [May 27, 2015, C.A. No. 6429-VCL], affd 132 A3d 750 [2016]). Ramsay is entitled to recover derivatively for the unauthorized withdrawals that Seibel took. However, his counterclaim for indemnification should have been dismissed. The indemnification agreement only covered losses "which Ramsay may for any cause at any time sustain or incur" [emphasis added], but the payments for which Ramsay seeks indemnification were made by Ramsay-affiliated entities and not by Ramsay personally. In making the payments, the entities, not Ramsay in his individual capacity, incurred the losses for which Ramsay seeks to be indemnified, even if the payments were occasioned by obligations under a lease to Ramsay personally. There is insufficient evidence in [*3]the record regarding the ownership structure of these entities to essentially pierce the corporate veil and allow Ramsay to recover for their losses. There is also no indication that these entities are Ramsay's "legal representatives," "successors," or "assigns." In view of our disposition of this issue, we need not reach the parties' additional arguments concerning indemnification.
Attorneys' fees were appropriately awarded under the LP agreement to Ramsay as the prevailing party notwithstanding our dismissal of Ramsay's indemnification counterclaim (see Hernandez v Kaisman, 139 AD3d 406, 407 [1st Dept 2016]["The court was not required to reduce fees further to reflect a relative lack of success; the unsuccessful claims involved a common core of facts or were based on related legal theories, so that much of counsel's time was devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis"] [internal quotation marks and alterations omitted]; West Willow-Bay Ct. Plaza, LLC v Robino-Bay Ct. Plaza, LLC, 2009 WL 458779, *8, 2009 Del Ch LEXIS 23, *31 [Feb. 23, 2009, C.A. No. 2742-VCN] ["Absent any qualifying language that fees are to be awarded claim-by-claim or on some other partial basis, a contractual provision entitling the prevailing party to fees will usually be applied in an all-or-nothing manner"]). Ramsay's submissions were also sufficient to establish that his lawyers' rates and hours were reasonable (see SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 988 [2d Dept 2006]). Although the amount of attorneys' fees exceeds the amount of the ultimate judgment, it does not exceed the amount of attorneys' fees claimed. Moreover, there is no per se rule against awarding fees in excess of damages recovered, and fees may be
appropriate even where a party recovers only nominal damages (see Hernandez, 139
AD3d at 407; compare Bergin v McCloskey, 2008 WL 4662378, *2, 2008 Del CP LEXIS 17, *5-6 [Oct. 22, 2008, C.A. No. 2006-02-095]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024