Clover Private Credit Opportunities Origination (Levered) II LP v AlHusseini (2024 NY Slip Op 01982)

Clover Private Credit Opportunities Origination (Levered) II LP v AlHusseini

2024 NY Slip Op 01982

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Higgitt, Rosado, JJ. 

Index No. 653401/23 Appeal No. 2030-2031 Case No. 2023-04664 2023-05871 

[*1]Clover Private Credit Opportunities Origination (Levered) II LP, Plaintiff-Respondent,
v
Ibrahim AlHusseini et al., Defendants-Appellants. 

Judd Burstein, P.C., New York (Judd Burstein of counsel), for appellants.
Orrick, Herrington & Sutcliffe LLP, New York (Daniel A. Rubens of counsel), for respondent.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered November 1, 2023, in plaintiff's favor against defendants in the sum of $78,802,191.78, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 13, 20203, which granted plaintiff's motion for summary judgment in lieu of complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendants contend that nonparty Laura Metzger, who has represented plaintiff since at least April 25, 2023, lacked personal knowledge of the exhibits attached to her initial affirmation. However, as can be seen from the face of the documents, Metzger was one of the recipients of Exhibit 7, and she was copied on Exhibits 6, 8-10, and 14. In addition, Exhibit 13 was part of Exhibit 14.
Although Exhibits 1, 4-5, and 11-12 do not mention Metzger (defendants did not object to Exhibits 2-3) and assuming, without deciding, that she could not authenticate those exhibits (compare e.g. Babikian v Nikki Midtown, LLC, 60 AD3d 470, 471 [1st Dept 2009] with e.g. De-Spec, Inc. v Sadick, 147 AD3d 425 [1st Dept 2017]), plaintiff could supplement its papers in response to defendants' arguments (see Sea Trade Mar. Corp. v Coutsodontis, 111 AD3d 483, 486 [1st Dept 2013]). As in Sea Trade, "defendant[s] had an opportunity to address the merits of the later-submitted documents" (id.), so they were not prejudiced. Having chosen not to take advantage of the opportunity that the motion court provided, defendants may not attack plaintiff's reply papers for the first time on appeal.
Defendants contend that the put at issue is not "an instrument for the payment of money only" (CPLR 3213) because a commercially reasonable foreclosure sale was a condition precedent to plaintiff's exercise of the put. This argument is unavailing. "[A] contractual duty ordinarily will not be construed as a condition precedent absent clear language showing that the parties intended to make it a condition" (Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576, 581 [1992]; see also Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 85 [1st Dept 2022]). Section 6(ii) of the confirmation "does not contain any of the traditional unmistakable forms of conditional language (e.g., 'if,' 'unless and until,' 'null and void')" (Parlux, 204 AD3d at 86). Rather, by its terms, it is a representation.
The court providently exercised its discretion by awarding plaintiff $120,000 in attorneys' fees (see e.g. Continental Indus. Group, Inc. v Ustuntas, 215 AD3d 417 [1st Dept 2023]; Hernandez v Kaisman, 139 AD3d 406, 407 [1st Dept 2016]), which was "substantially less than the amount requested" (id.).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024