## AB Commercial Real Estate Debt - B2 S.A R.L. v Holtzman

2024 NY Slip Op 33512(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 653536/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    **HON. LOUIS L. NOCK** | **PART**      **38M** |
| *Justice* | |

------------------------------------------------------------------------------X

AB COMMERCIAL REAL ESTATE DEBT - B2 S.A R.L.,

                               Plaintiff,

                  - v -

JONATHAN HOLTZMAN,

                          Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653536/2023 |
| **MOTION DATE** | 11/02/2023, 08/01/2024 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 2, 11, 15, 16, 20, 21, 22, 23, 25, 27, 28, 29, 32, 33, 35, 41, 42, 43, 44, 45, 46, and 53

were read on this motion for                 SUMMARY JUDGMENT IN LIEU OF COMPLAINT  .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 36, 37, 38, 39, 40, 47, 48, 49, 50, 51, 52, and 54

were read on this motion for                        DISCOVERY                         .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, plaintiff's application for reasonable attorneys' fees (Mot. Seq. No. 001) and plaintiff's motion, pursuant to CPLR 5229, for examination and restraint of defendant (Mot. Seq. No. 002), are consolidated for disposition in accordance with the following memorandum.

By decision and order filed April 9, 2024 (NYSCEF Doc. No. 32) (the "Decision and Order"), the court granted plaintiff's motion for summary judgment in lieu of complaint seeking to enforce a guaranty on a commercial loan. The Decision and Order directed the Clerk of the Court to enter judgment in favor of plaintiff and against defendant and further directed a hearing on the issue of plaintiff's reasonable attorneys' fees in connection with this proceeding, which

[* 1]

the court held on July 23, 2024.[1]  The court assumes familiarity with the facts and circumstances of this action as set forth in the Decision and Order.

**Reasonable Attorneys' Fees (Mot. Seq. No. 001)**

**Standard**

"An award of attorneys' fees pursuant to . . . a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (*Kamco Supply Corp. v Annex Contr. Inc.*, 261 AD2d 363, 365 [2d Dept 1999]).  "The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Supreme Court" (*Lancer Indem. Co. v JKH Realty Grp., LLC*, 127 A.D.3d 1035, 1035-36 [2d Dept 2015]).  "[T]he court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (*SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986, 988 [2d Dept 2006]).  In determining the reasonable amount of attorneys' fees, courts look to several factors: "the time and labor required; the difficulty of the questions involved; the skill required to handle the issues presented; the experience, ability and reputation of counsel; the proposed amount of fees; the benefit resulting to the putative class [or plaintiff] from the services; the customary fee charged for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (*Gordon v Verizon Communications, Inc.*, 148 AD3d 146, 165 [1st Dept 2017], citing *Matter of Freeman*, 34 NY2d 1, 9 [1974]).

**Discussion**

Plaintiff's counsel asserts a claim for fees in the amount of $224,526.00 (NYSCEF Doc. No. 41 at 8), per an affirmation of counsel (affirmation, NYSCEF Doc. No. 41) with exhibits

---

[1] The hearing was attended by counsel for plaintiff *and* for defendant.

**653536/2023   AB COMMERCIAL REAL ESTATE DEBT - B2 S.A R.L. vs. HOLTZMAN, JONATHAN**     **Page 2 of 7**
  **Motion No.  001 002**

2 of 7

thereto, including copies of time entries (time entries, NYSCEF Doc. No. 42), and per a reply affirmation of counsel (reply affirmation, NYSCEF Doc. No. 53). According to counsel's testimony at hearing, the fees sought represent 214.2 hours of work by three professionals: a partner at $1,295 per hour, an associate at $825 per hour, and a paralegal at $345 per hour (time entries, NYSCEF Doc. No. 42).

As to the Rate: Upon consideration of the record and evidence presented, the court determines that, based on the applicable standards, the hourly rates are reasonable in view of counsels' experience, ability, and reputation in the practice of commercial litigation, as well as the $9,000,000.00 judgment obtained in favor of their client. The court also notes that the rates are comparable to those charged for similar services by other national law firms in the area.[2]

As to the Time and Work Allocation: Notwithstanding the reasonableness of the billing rates, the court agrees with defendant's counsel that plaintiff's counsel fails to establish a reasonable basis for the number of hours – 214.2 hours in total – expended on this matter, given the routine nature of it. In plaintiff's counsel's own words, the underlying motion for summary judgment in lieu of complaint was "straightforward" (*see* transcript of proceedings, NYSCEF Doc. No. 21 at 3 ¶¶ 17-18 ["It is a [CPLR] 3213 motion and our position of course is that this is pretty straightforward"], 4 ¶¶ 10-12 ["What we received in opposition to our motion, I submit, your Honor, contains not a shred of evidence suggesting a bona fide defense"], 7 ¶¶ 20-21 ["This is the epitome of a 3213 case. It is a crystal-clear guaranty."]; *see also,* reply memorandum, NYSCEF Doc. No. 20 at 1 ["AB Commercial's [claim is a] straightforward claim"]).

Notably, the number of hours expended by the partner (110.1 hours) was greater than those of the associate (95.9 hours) – hard to justify when the court understands the partner's role

---

[2] Plaintiff is represented by the firm of Shearman & Sterling LLP.

**653536/2023   AB COMMERCIAL REAL ESTATE DEBT - B2 S.A R.L. vs. HOLTZMAN, JONATHAN**     **Page 3 of 7**
  **Motion No.  001 002**

to be supervisory in nature.  As plaintiff's counsel himself testified, the associate conducted preliminary research and prepared initial drafts of the motion papers, which the partner reviewed and revised prior to filing.  For such review and revision by the partner to lead to higher hours (and at the higher, partnership, rate) than those of the associate who produced the foundational drafts in a proceeding as routine as this one, is to cast doubt on the reasonableness of the time spent and the allocation of work as between partner and associate.[3]  The court, thus, finds it appropriate to make deductions to the partner's hours, as set forth hereinafter (*see, Hernandez v Kaisma*n, 139 A.D.3d 406, 407-408 [1st Dept 2016] ["courts have similarly discounted senior attorney hours where, as here, they made up a disproportionate amount of the time spent on the matter"] [internal quotation marks and citations omitted]).

Furthermore, the instant action concerns only the guaranty, and the attorneys' fees provision therein is limited to fees incurred in the enforcement of said guaranty (*see* guaranty, NYSCEF Doc. No. 5, ¶ 10 ["Guarantor shall pay . . . all reasonable attorneys' fees and costs and expenses reasonably incurred by Lender in the enforcement of or preservation of Lender's rights under this Guaranty . . . ."]).  Therefore, the court deducts fees insofar as they were incurred in connection with the underlying loan documents, described in the time entries as "transaction documents" (*see 27 W. 72nd St. Note Buyer LLC v Terzi*, 194 A.D.3d 630, 632-33 [1st Dept 2021] [holding that attorneys' fees awarded in connection with motions for summary judgment in lieu of complaint on a guaranty were excessive, because fees incurred in connection with proceedings other than the guaranty, such as underlying foreclosure actions and collection on a note, are unrecoverable]).

---

[3] This in no way signals a criticism of counsels' work product throughout this proceeding, which has been of the highest quality.

**653536/2023   AB COMMERCIAL REAL ESTATE DEBT - B2 S.A R.L. vs. HOLTZMAN, JONATHAN**        **Page 4 of 7**
**Motion No.  001 002**

4 of 7

Accordingly, after careful examination of the time entries (NYSCEF Doc. No. 42), the court makes the following adjustments as to the reasonableness of hours spent by the partner:

The 6/4/2023 entry for "Review transaction documents" is reduced from 2 hrs. to 0;
The 6/5/2023 entry for "Review transaction documents (0.7)," etc., is reduced from 1 hr. to 0.3;
The 6/6/2023 entry for "Review transaction documents," etc., is reduced from 0.8 hr. to 0.4;
The 6/7/2023 entry for "Telephone call," etc., is reduced from 2.2 hrs. to 1.5;
The 6/20/2023 entry for "Edits to 3213 papers," etc., is reduced from 2 hrs. to 1.5;
The 6/21/2023 entry for "Revisions/edits to 3213 papers" is reduced from 2 hrs. to 1;
The 6/22/2023 entry for "Revisions/edits to 3213 papers" is reduced from 2.8 hrs. to 1.4;
The 6/23/2023 entry for "Revisions/edits to 3213 papers" is reduced from 1.6 hrs. to 0.8;
The 6/28/2023 entry for "Review/edit 3213 papers" is reduced from 1.4 hrs. to 0.7;
The 6/29/2023 entry for "Review and revisions to 3213 motion papers," reduced from 2 hrs. to 1;
The 7/16/2023 entry for "Review emails/comments to 3213 papers," etc., reduce 0.5 hr. to 0.3;
The 7/17/2023 entry for "Revisions to 3213 motion papers" is reduced from 4.3 hrs. to 2.1;
The 7/18/2023 entry for "Call with client," etc., is reduced from 2 hrs. to 1;
The 7/19/2023 entry for "Client call," etc., is reduced from 1.8 hrs. to 0.6;
The 7/20/2023 entry for "Revisions to 3213 papers," etc., is reduced from 5.7 hrs. to 2.9;
The 7/21/2023 entry for "Client calls," etc., is reduced from 3.7 hrs. to 2.2;
The 9/2/2023 entry for "Review Holtzman 3213 opposition," etc., reduced from 1.5 hrs. to 0.8;
The 9/5/2023 entry for "Review cases for 3213 reply" is reduced from 2 hrs. to 1;
The 9/6/2023 entry for "Review cases for 3213 reply," etc., is reduced from 7.4 hrs. to 3.7;
The 9/7/2023 entry for "Review cases for 3213 reply," etc., is reduced from 4.4 hrs. to 2.2;
The 9/8/2023 entry for "Review cases for 3213 reply," etc., is reduced from 4.7 hrs. to 2.4;
The 9/9/2023 entry for "Work on 3213 reply brief" is reduced from 2.7 hrs. to 1.4;
The 9/10/2023 entry for "Work on 3213 reply brief" is reduced from 0.8 hr. to 0.4;
The 9/11/2023 entry for "Revisions to 3213 reply brief" is reduced from 5.4 hrs. to 2.7;
The 9/12/2023 entry for "Finalizing 3213 reply papers," etc., is reduced from 1 hr. to 0.5.

The foregoing adjustments reduce plaintiff's attorneys' fees, to the extent payable by defendant, from the requested $224,526.00 to the lesser, awardable, sum of $181,920.50.

**CPLR 5229 Motion (Mot. Seq. No. 002)**

Plaintiff's motion for examination and restraint of defendant, pursuant to CPLR 5229, is granted to the following extent, for the reasons set forth in the motion papers (NYSCEF Doc. Nos. 37, 39, 48, 49) and the exhibits attached thereto, and per the record of August 1, 2024. The restraint shall apply to defendant's property in the amount of $9,000,000.00 (the amount of the judgment to be entered in this action) except with regard to any amounts that defendant requires

653536/2023   AB COMMERCIAL REAL ESTATE DEBT - B2 S.A R.L. vs. HOLTZMAN, JONATHAN          Page 5 of 7
Motion No.  001 002

5 of 7

in the ordinary course of the maintenance and operation of his businesses, which may be freely transferable by defendant.

Accordingly, it is hereby

ORDERED that plaintiff's application for reasonable attorneys' fees (Mot. Seq. No. 001) incurred in its successful prosecution of this action is granted to the extent of $181,920.50; and, therefore, it is

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff AB Commercial Real Estate Debt - B2 S.À R.L. and against defendant Jonathan Holtzman in the amount of $181,920.50 as plaintiff's reasonable attorneys' fees herein; and it is further

ORDERED that the interest rate to be applied on the judgment directed for entry in the decision and order filed April 9, 2024 (NYSCEF Doc. No. 32) shall be amended to the statutory rate, as requested by plaintiff (NYSCEF Doc. No. 41 ¶ 5); and it is further

ORDERED that this order shall amend and supplement the decision and order filed April 9, 2024 (NYSCEF Doc. No. 32); and it is further

ORDERED that plaintiff's motion, pursuant to CPLR 5229, for examination and restraint of defendant (Mot. Seq. No. 002) is granted to the extent set forth herein; and, therefore, it is

ORDERED that plaintiff AB Commercial Real Estate Debt - B2 S.À R.L. is granted leave to obtain documents from defendant Jonathan Holtzman and to question defendant under oath for purposes of identifying the location and extent of his assets available for satisfaction of the judgment to be entered in this action, to be completed no later than November 27, 2024; and it is further

ORDERED that defendant Jonathan Holtzman shall be restrained from making or suffering any sale, assignment, transfer, or interference with any property in which he has an

**653536/2023   AB COMMERCIAL REAL ESTATE DEBT - B2 S.A R.L. vs. HOLTZMAN, JONATHAN**          **Page 6 of 7**
**Motion No.  001 002**

6 of 7

[* 6]

interest, in the amount of $9,000,000.00, until the judgment to be entered in this action is

satisfied, except to the extent of any amounts that defendant requires in the ordinary course of

the maintenance and operation of his businesses, which may be freely transferable by defendant.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 9/30/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**653536/2023   AB COMMERCIAL REAL ESTATE DEBT - B2 S.A R.L. vs. HOLTZMAN, JONATHAN**          **Page 7 of 7**
**Motion No.  001 002**

7 of 7